IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | |
|---|---|
| ALEXANDER HOVEY,<br><br>    Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | Cause No. CV 09-59-M-DWM-JCL<br><br><br>FINDINGS AND RECOMMENDATION<br>OF U.S. MAGISTRATE JUDGE |

On April 24, 2009, Petitioner Alexander Hovey filed a document titled "Motion for Quick and Speedy Trial." He also filed a motion to proceed in forma pauperis. The Clerk of Court filed the motion as a petition for writ of habeas corpus under 28 U.S.C. § 2241. Hovey is in custody at the Missoula County Detention Center. He is proceeding pro se.

On November 10, 2008, this Court issued a search warrant for a Gateway desktop computer belonging to Hovey. The warrant was returned executed on November 19, 2008. The file was then closed. See United States v. Gateway

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 1

Desktop Computer, No. MCR 08-42-M-JCL (D. Mont. filed Nov. 10, 2008).

Hovey invokes his Sixth Amendment right to a speedy trial and his rights under the Speedy Trial Act, 18 U.S.C. §§ 3161 ff. "[T]he Sixth Amendment speedy trial provision has no application until the putative defendant in some way becomes an 'accused.'" United States v. Marion, 404 U.S. 307, 313 (1971). While Hovey is in custody, his custody is not due to a federal warrant. None has been issued. No federal indictment has been returned. The United States has not "accused" Hovey of anything. Nor does the Speedy Trial Act require the return of an indictment within a prescribed period of time. 18 U.S.C. § 3161 refers only to a "defendant charged" with a crime or an "information or indictment charging an individual with the commission of an offense." The Act does not address the time in which a charge must be brought.

Hovey's limited access to legal materials, Mot. for Speedy Trial (doc. 1 #1) at 1, is not the reason he is unable to obtain relief. The Court is not aware of any legal basis on which Hovey may compel the United States to bring a charge against him. The timeliness of any charge can be determined only after a charge is filed.

Hovey's motion, construed as a petition for writ of habeas corpus under 28 U.S.C. § 2241, should be denied for failure to state a claim on which relief may be granted. His motion to proceed in forma pauperis should be moot. This decision is

based on clearly established law. Any appeal would not be taken in good faith.

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

1. The Petition (doc. 1) should be DISMISSED for failure to state a claim on which relief may be granted. All pending motions should be MOOT.

2. The Clerk of Court should be directed to enter by separate document a judgment of dismissal.

3. The District Court should CERTIFY, pursuant to Fed. R. App. P. 24(a)(4)(B), that any appeal from its disposition would not be taken in good faith.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to this Findings and Recommendations within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge.

<u>Petitioner must immediately inform the Court of any change in his mailing address.</u> Failure to do so may result in dismissal of his case without notice to him.

DATED this 28th day of April, 2009.

*Jeremiah C. Lynch*
Jeremiah C. Lynch
United States Magistrate Judge